UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 04-355 (CKK) |
| | : | |
| CARLOS AGUIAR | : | |

### RESPONSE TO GOVERNMENT'S SECOND MOTION IN *LIMINE* TO LIMIT IMPEACHMENT, AND REQUEST A PROFFER

INTRODUCTION

Mr. Aguiar, by and through counsel, respectfully asks this Court to deny the government's request to limit impeachment on this matter of Noureddine Chtaini, and a request for a proffer. In support of this motion, the defendant relies on the following points and authorities and any other cited at a future hearing.

ARGUMENT

The government's motion has no merit and is an attempt to limit completely permissible impeachment material in order to "protect" their witness' credibility. Counsel would first point out that he is an officer of the court and would never use impeachment material for which he did not have a good faith basis. The fact that the government feels the area of cross-examination could be "highly inflammatory" and that they choose to believe the word of Noureddine Chtaini; doesn't bolster their meritless motion. It puzzles counsel why the government would not expect Mr. Chtaini to deny his involvement or minimize his role. Obviously, it would be against his interest to do so. Counsel would also point out that Mr. Chtaini has already admitted to committing heavily armed bank robberies and terrorizing innocent citizens; numerous armed

carjackings including one involving a retired police officer with his grandchildren in the car; shooting at a Prince George's County Police Officer, assault with the intent to kill; etc. It's astonishing that the government could not believe there was a good faith basis for a "murder plot." The "murder plot" is no more inflammatory than the acts Mr. Chtaini has already admitted too.

This area of cross-examination is highly probative of the motive for why Mr. Chtaini would point the finger at Mr. Aguiar. Counsel should not be required to provide a detailed proffer to the government because it's not warranted and it would violate attorney-client privileges. But counsel will offer the fact that the murder plot was brought to his attention by fellow co-counsel in this case. Counsel from that point began to investigate the matter. This murder plot Mr. Chtaini was involved in is known in the D.C. area and has been attested to by various sources..

Counsel, ... need only have " a reasonable basis for asking questions on cross-examination which tend to incriminate or degrade the witness," and "the general rule is that "the questioner must be in possession of some fact which support a genuine belief that the witness committed the offense or the degrading act to which the question relates." *United States v. Lin,* 101 F.3d 760, 768 (D.C.Cir. 1996) (quoting *United States v. Sampol,* 636 F.2d 621, 658 (D.C. Cir. 1980) and *United States v. Fowler,* 465 F.2d 664, 666 (D.C. Cir. 1972). Counsel through investigation and interviews is in possession of these facts. Counsel would correct the government in it's motion saying that we would prove that Mr. Chtaini was involved in a "murder plot." Counsel never said that and the defense doesn't have to prove anything.

**WHEREFORE,** Mr. Aguiar respectfully asks this Court to grant his motion for the above stated reasons.

Respectfully Submitted,

_____/s/_____
LAW OFFICES OF TONY L. BOOKER
Tony L. Booker, Esq. #478020
503 D Street NW, Suite 350
Washington, D.C. 20001
(202) 521-2902 phone
(202) 347-3702