UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| * | |
| * | |
| v. * | |
| * | CR. NO. 04-355 (CKK) |
| * | |
| * | |
| **MIQUEL MORROW** * | |
| ************************************ | |

**OPPOSITION TO GOVERNMENT'S**
**MOTION IN LIMINAE TO LIMIT IMPEACHMENT**

  Defendant Miquel Morrow, through his attorney, Joanne Roney Hepworth, respectfully submits the following in opposition to the Government's motion to limit impeachment:

1. The Government is not entitled to a preliminary ruling on the admissibility of impeaching matters for its witness, Noureddine Chtaini as requested.

2. Attached is the notice required by FRE 609 (b) regarding use of convictions more than ten years old.  The defense was just notified after 4PM on April 22, 2005 of the existence and nature of the offenses along with a large volume of other documents regarding this witness.  Counsel has been actively engaged in the trial in the intervening time and this is the first opportunity to give said notice.

3. The juvenile conviction from 1991 involves a crime of dishonesty and is probative of the witnesses credibility.  It represents one of the few convictions for this individual despite an overwhelming amount of admitted criminal activity.  Defendants should be allowed to inquire as to this conviction as the criminal history of Mr. Chtaini is otherwise misleadingly insignificant.

4. The "set aside" YRA conviction  is not unavailable for impeachment  under FRE 609 (c), because Mr. Chtaini has been convicted of  a subsequent felony offense, Felony theft, 1995.  There was no indication  offered that the conviction was set aside based on a finding of "innocence" [1]

---

[1] FRE Rule  609(c) Effect of pardon, annulment, or certificate of rehabilitation. Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, **and**

1

5. The defendant submits that all convictions for Mr. Chtaini are appropriate for impeachment purposes and that his criminal history is substantially underrepresented by the single conviction the government asserts is available. In addition all prior bad acts which are indicative of Mr. Chtaini dishonest character are relevant and probative of his truthfulness and credibility. [2]

6. The discovery materials provided by the Government indicate that Mr. Chtaini has used numerous aliases in the course of his criminal conduct here in. He used false names to rent apartments, warehouses and cellular telephones. All of these aliases are fair grounds for impeaching inquiry.

7. The Government's second and third pleadings in Limine, requesting a ruling from the Court forcing the defendants to disclose, pre-direct examination, information for potential cross-examination inquiry on the issues which establishes the witnesses bias is meritless. At the appropriate time the Court may require Mr. Aguiar to proffer the basis of his intended inquiry but certainly not before the completion of the Government's direct examination. The government has proffered no support for this proposition.

8. The defendants have a right to carefully explore the bias of Mr. Chtaini towards them as motive to fabricate his testimony. The Supreme Court has established that the refusal to allow any questioning about facts indicative of bias from which the jury could reasonably draw adverse inferences of reliability is an error of constitutional dimension, violating the defendant's rights secured by the Confrontation Clause. *Delaware v. Van Arsdall*, 475 U.S. at 678-79 (1986). The Circuit Court has provided for latitude for defendants in criminal cases "where prior discovery is necessarily limited, defense counsel often cannot know in advance of trial what facts may be brought out on cross examination. For that reason, his cross examination is necessarily to some extent exploratory, and he should be allowed a reasonable latitude even if he cannot state to the court what precise facts his cross examination will develop. A reasonable amount of exploratory questioning should be allowed, based on slight suspicion, especially when the Government's principal witness is involved. … where counsel has some basis, even though it may be very slight, he may ask nonaccusatory questions regarding convictions or conduct of this

---

**that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year**, or (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.

[2] In light of this the should release the materials included in the CSOSA file relating to the Youth Act Conviction to the defense.

type in a good faith attempt to impeach the witness." *United States v. Fowler*, 151 U.S. App. D.C. 79 (D.C. Cir., 1972).

    Wherefore, the Government's requests for limits on cross-examination must be denied.

Respectfully Submitted,

_____
Joanne Roney Hepworth
601 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20004
(202)789-0037
Bar #339-226

## CERTIFICATE OF SERVICE

    I, hereby, certify that a copy of the foregoing was, served by telefax on this 30th day of April, 2005, on:

Barbara E. Kittay & Daniel Butler
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Room 11-840
Washington, DC 20530
(202) 514-6940
Fax : (202) 307-6059
Email: barbara.kittay@usdoj.gov
Counsel for The United States of America

Gregg Spencer, Esq.
Deputy Federal Public Defender For D.C.
625 Indiana Avenue, NW
Washington, DC 20004
(202) 208-7500
Fax : (202) 208-7515
Email: gregg_spencer@fd.org
Counsel for LIONEL STODDARD (2)

Tony L. Booker, Esq.
503 D Street, NW
Suite 350
Washington, DC 20001
(202)521-2902
Fax 202-347-3702
Tonyb.esquire@verizon.net
Counsel for CARLOS AGUIAR (3)

Anthony Douglas Martin, Esq.
7841 Belle Point Drive
Greenbelt, MD 20770
(301) 220-3700
Fax : 301-220-0791
Email admartin@starpower.net
Counsel for BRYAN BURWELL (5)

Bravitt Cola Manley, Jr. Esq.
601 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 220-3119
Fax (202) 220-3192
Email manleypc@ix.netcom.com
Counsel for AARON PERKINS (6)

Atiq Ahmed, Esq.
8701 Georgia Avenue
Suite 509
Silver Spring, MD 20910
301-587-8844
Fax 202-783-5407
Counsel for MALVIN PALMER (8)

_____
 Joanne Roney Hepworth