UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> MIQUEL MORROW, *et al.*, <br><br> Defendants. | Criminal Action No. 04-355 (CKK) |

**MEMORANDUM OPINION**
(May 2, 2005)

Currently before the Court is the Government's Motion *in Limine* to Limit Impeachment of Its Witness Nourredine Chtaini and Defendants' subsequent Opposition. Government witness and co-conspirator Nourredine Chtaini has three felony convictions for which he may conceivably be impeached by Defendants upon cross-examination under Federal Rule of Evidence 609, which governs "Impeachment by Evidence of Conviction of Crime":

1. Felony theft, a juvenile adjudication in 1991;
2. Felony weapons possession, in 1994, which has been set aside under the Youth Rehabilitation Act ("YRA"); and
3. Felony theft, a 1995 conviction in Arlington, Virginia.

Gov't Mot. *in Limine* at 1, ¶ 1. The Government, in its Motion *In Limine* to Limit Impeachment, "agrees that the last conviction . . . is available for impeachment, but opposes any impeachment based on the juvenile adjudication or the matter set-aside under the YRA." *Id.* at 1, ¶ 2. Moreover, the Government contends that of the various names used by Mr. Chtaini, only one such name constitutes an "alias" upon which impeachment may occur. *Id.* at 2, ¶ 5. Defendants object to the Government's motion, and suggest that all three convictions and all possible names are admissible. Defs.' Opp'n at 1-2. For the reasons set forth below, the Court shall exclude Mr.

Chtaini's 1991 felony theft adjudication from impeachment, shall allow Defendants to impeach Mr. Chtaini by using his YRA felony weapons possession conviction, and shall grant Defendants their requested latitude in questioning Mr. Chtaini as to the possible nicknames, false names, and aliases that he employed.

### I: DISCUSSION

    *A.     The Juvenile Adjudication -- Felony Theft -- from 1991*

Under Federal Rule of Evidence 609(d), "[e]vidence of juvenile adjudications is generally not admissible under this rule." Fed. R. Evid. 609(d). However, "[t]he court may . . . in a criminal case allow evidence of a juvenile adjudication of a witness *other than the accused* if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence." *Id.* (emphasis added).

Here, Mr. Chtaini is not the accused. As such, Rule 609(d) does not necessarily exclude his 1991 juvenile adjudication for felony theft. However, Defendants still must show that the 1991 offense would be admissible to attack the credibility of an adult, and that such an admission is necessary for a fair determination of guilt or innocence. *See* Fed. R. Evid. 609(d). As in the case of an adult, Rule 609(b) excludes convictions which are more than 10 years old "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). Realizing this general prohibition on the introduction of stale convictions, Defendants argue that this conviction should nevertheless be admitted because "[t]he juvenile conviction from 1991 involves a crime of dishonesty and is probative of the witnesses [sic] credibility."

Defs.' Opp'n at 1, ¶ 3.[1]  Moreover, Defendants suggest that this conviction "represents one of the few convictions for this individual despite an overwhelming amount of admitted criminal activity."  *Id.*  According to Defendants, unless this conviction is available for impeachment, "the criminal history of Mr. Chtaini is otherwise misleadingly insignificant."  *Id.*

The Advisory Committee Notes to Rule 609(b) stress that "[i]t is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances."  Fed. R. Evid. 609(b) advisory committee's note (1974); *see also United States v. Lewis*, 626 F.2d 940, 950 (D.C. Cir. 1980).  "Congress intended that trial courts be extremely cautious in admitting evidence of remote convictions."  *United States v. Bibbs*, 564 F.2d 1165, 1170 (5th Cir. 1977), *cert. denied*, 435 U.S. 1007, 98 S.Ct. 1877, 56 L.Ed.2d 388 (1978).  The general rule is one of inadmissibility.  *United States v. Cathey*, 591 F.2d 268, 275 (5th Cir. 1979).  Courts should "take into account the need for using a prior conviction as an essential element of the probative value prejudicial effect balancing test mandated by Rule 609(b)."  *Id.*

In this case, two important factors counsel against the use of the 1991 conviction for impeachment purposes.  First, a conviction for theft does not necessarily equate to dishonesty or false statement.  *See United States v. Crawford*, 613 F.2d 1045, 1049 (D.C. Cir. 1979); *United States v. Fearwell*, 595 F.2d 771, 776 (D.C. Cir. 1979).  For theft to equate to a conviction involving dishonesty -- which is more probative than a simple conviction -- the act for which Mr. Chtaini was convicted must have involved "communicative or expressive dishonesty."  *Walker v. Horn*, 385 F.3d 321, 334 (3d Cir. 2004).  Here, it is not at all clear that Mr. Chtaini's 1991

---

[1] Under Rule 609(a)(2), crimes involving dishonesty are automatically admitted without the probative v. prejudicial balancing approach necessary in 609(a)(1).  However, even crimes involving dishonesty are subject to the time limitations in Rule 609(b).

conviction involved "communicative or expressive dishonesty," and therefore it is not certain that it is especially probative. Second, and more importantly, the importance of the conviction as a form of impeachment is minimal to Defendants. Mr. Chtaini may already be impeached based on two prior convictions[2] and another offense from 2003 for which Mr. Chtaini currently awaits sentencing. One of these offenses, the 1995 felony theft conviction from Arlington, Virginia, is admissible under Rule 609(a)(1) and brings with it the very same impeachment value as the 1991 conviction. Moreover, Mr. Chtaini has admitted to numerous other uncharged "prior bad acts" for which he may be impeached. Accordingly, the Court finds that (1) given the presumption against juvenile adjudications for use as impeachment under Rule 609(d); (2) the age of the 1991 conviction; (3) the fact that the conviction is not especially probative of dishonesty; (4) the existence of another, virtually identical conviction that is available for impeachment; and (5) the high degree of prejudice that would result from the use of a stale conviction, the Government's Motion in Limine shall be granted on this point and Defendants may not introduce Mr. Chtaini's 1991 conviction for impeachment purposes.

  B.  *The YRA Felony Weapons Possession Offense from 1994*

Under Federal Rule of Evidence 609(c)(1), evidence of a conviction is not admissible if "the conviction has been the subject of a pardon, annulment, certificate of rehabilitation or other equivalent procedure based on a finding of the rehabilitation of the person convicted, *and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year*." Fed. R. Evid. 609(c)(1) (emphasis added). While Mr. Chtaini's felony weapons possession charge was set aside due to rehabilitation, Rule 609(c)(1)

---

[2] See Section B allowing impeachment on felony weapons possession.

does not prevent the use of the conviction for impeachment, as it would in some circumstances, *see, e.g.*, *United States v. Pagan*, 721 F.2d 24, 28 (2d Cir. 1983); *United States v. Wallulatum*, 600 F.2d 1261, 1262-63 (9th Cir. 1979); Charles Alan Wright & Victor James Gold, 28 Federal Practice & Procedure § 6137 (2005), because Mr. Chtaini was convicted in 1995 of another felony theft charge -- a subsequent crime punishable by imprisonment in excess of one year.

As such, the Government may only rely on Federal Rule of Evidence 609(b) in its effort to exclude Mr. Chtaini's felony weapons conviction from impeachment. Rule 609(b) provides: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or the release of the witness from confinement imposed for that conviction, *whichever is the later date*, unless the court determines, in the interests of justice that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b) (emphasis added). Two important dates must be considered: (1) for the purposes of determining whether a conviction is more than ten years old, the question is whether ten years has expired at the time the witness testifies at trial, *see Trindle v. Sonat Marine, Inc.*, 697 F. Supp. 879, 881 (E.D.Pa. 1988) (collecting cases); and (2) under the rule, "release of the witness from confinement" means at the end of imprisonment, not the termination of a period of probation, *see United States v. Daniel*, 957 F.2d 162, 168 (5th Cir. 1992).

Here, records indicate that Mr. Chtaini's sentencing date for his felony weapons conviction was May 24, 1995. Mr. Chtaini was given probation, which ended early on October 2, 1995, due to his completion of the conditions of his sentence prior to the expiration of the maximum period imposed by the court. Therefore, the pertinent date for Rule 609(b) purposes is

the date of his conviction -- May 24, 1995 -- because he was never "confined." However, less than 10 full years have passed since May 24, 1995 and the date of Mr. Chtaini's testimony in this case. Therefore, the protections of Rule 609(b) are wholly inapplicable, and the Defendants may impeach Mr. Chtaini concerning this conviction based upon Federal Rule of Evidence 609(a)(1) because the conviction is less than 10 years old. The Government's Motion *in Limine* on this point must therefore be denied.

    C.    *Mr. Chtaini's Alleged Aliases*

Finally, the Government, in its Motion *in Limine*, asserts that Mr. Chtaini may only be impeached based on one alias -- his use of the name of his brother, "Abdullah Chtaini." Gov'ts Mot. *in Limine* at 2, ¶ 5. The Government contends that "[a]ll other aliases set forth in his criminal histories are either nicknames ("Dino" or "Tony") or are misspellings of his first or last name." *Id.* Despite the Government's assertions, the Court notes that the Government itself has alleged that Mr. Chtaini used numerous aliases in the course of his criminal conduct, including the use of false names to rent apartments, warehouses, and cellular telephones. *See generally* Gov'ts First Rule 404(b) Notice; Gov'ts Second Rule 404(b) Notice. As such, limiting Mr. Chtaini's impeachment to one alias might not cover the entire universe of aliases used; the Court simply does not have sufficient information at this time. Moreover, the alleged misspellings of Mr. Chtaini's name in various law enforcement papers and other documents might not have been accidental; rather, the misspellings might have been an intentional effort by Mr. Chtaini to hide his true identity and throw law enforcement off of his trial through confusion. Defendants are certainly entitled to explore this potential line of inquiry. Finally, the Court notes with great irony that the Government previously argued that the various aliases, or nicknames, of the

Defendants -- such as "Julio," "Ooks," "Los," "Bush," "Short," and "Mellow," should remain in the Indictment because (1) these nicknames were "the only name by which some of the witnesses know the respective defendant," and (2) "[t]he aliases, which are really just nicknames, carry no negative value or prejudicial effect in them." *See* Gov'ts Omnibus Response at 15. Allowing the Government use of such "nicknames" in its case while depriving Defendants the use of such "nicknames" or "variations" in their questioning of one of the Government's central witnesses would create a double standard contrary to a fair trial. As such, the Court finds that all aliases, nicknames, misspellings, or variations of Mr. Chtaini's name may be an avenue of inquiry and/or impeachment by the Defendants. The Government's Motion *in Limine* on this matter is therefore denied.

## II: CONCLUSION

For the reasons set forth above, the Government's Motion *in Limine* to Limit Impeachment shall be GRANTED-IN-PART and DENIED-IN-PART. An Order accompanies this Memorandum Opinion.

Date:   May 2, 2005

　　　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge