UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

                              Criminal No. 04-355 (CKK)

v.

CARLOS AGUIAR,

      Defendant.

_____/

### GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO ITS SECOND MOTION *In Limine* TO LIMIT IMPEACHMENT, AND REQUEST FOR A PROFFER

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this reply to defendant Carlos Aguiar's response to its second motion *in limine*, to limit a matter defendant may raise as impeachment of witness Noureddine Chtaini, and its request for a proffer. In support of this motion, the government states as follows:

In his response to the government's *in limine* motion, defendant cites United States v. Lin, 101 F.3d 760, 768 (D.C. Cir. 1996). Rather than supporting defendant's position, Lin supports the government's *in limine* motion. In Lin, the court found that limitation of cross-examination of a government witness was proper. *Id.*. The discussion of Lin in the subsequent case of Bui v. DiPalol, 170 F.3d 232, 245 (1st Cir. 1999), is helpful here. The court there found as follows:

> In performing our Confrontation Clause analysis in this case, we find the opinion in United States v. Lin, 101 F.3d 760 (D.C. Cir.1996), to be particularly instructive because that case presented circumstances comparable to those that surround this case. There, the defendant sought to assail the government's witnesses by suggesting that they were testifying against him because they worked for a competing gambling parlor and wanted him out of the way. When Lin attempted to cross-examine one witness by inquiring into his gambling activities, the government objected and the district court requested a proffer. Defense counsel made an offer of proof that limned

> his theory of bias and identified his client as the source of the allegations. The trial court eventually sustained the government's objection. The court of appeals affirmed, upholding the trial court's decision not to allow the initiation of "a highly prejudicial line of cross-examination," in circumstances in which the questioner did not show that he possessed facts sufficient to "support a genuine belief that the witness committed the offense or the degrading act to which the questioning relates." Id. at 768 (citation and internal quotations marks omitted). Like [defendant], Lin elected not to testify, and the court viewed his proffer as "too ambiguous" to indicate that the proposed questioning had any realistic potential for showing bias.
>
> Many of the principles that animated Lin are pertinent to the case at hand. First and foremost, Lin, like so many of the precedents we have culled, holds that cross-examination presupposes the existence of a proper foundation. Offers of proof that do not carry the promise of demonstrating bias do not satisfy this requirement; indeed, such offers may be considered irrelevant. See Carty, 993 F.2d at 1010. Furthermore, in Lin as in this case, the trial court left open the possibility that witnesses could be recalled and the line of inquiry reopened if the defense subsequently made a better proffer. Like Lin, [defendant] never returned with a beefed-up presentation. Finally, as Lin suggests, questions that implicate a witness's involvement in elaborate conspiracies to commit illegal acts have the potential to be prejudicial and misleading. And when the potential for this kind of prejudice exists, the need to insist that cross-examination be based on a solid
> foundation is heightened.

*Id.*

Similarly, in this case, the defendant's questions about witness Chtaini being somehow involved in a murder plot that somehow led to him implicating defendant Aguiar in the crimes before this Court "have the potential to be prejudicial and misleading." *Id.* Accordingly, before defense counsel goes down this line of inquiry, the government requests that he make an adequate proffer to the Court.

WHEREFORE, for the reasons stated in its second motion *in limine*, and the reasons set forth above, the government respectfully requests that the Court limit this area of impeachment of Mr. Chtaini, and that it require the defendant to provide a proffer of his basis for this line of questioning, in advance, and outside the presence of the jury.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar Number 451058

By: _____

BARBARA E. KITTAY
D.C. Bar #414216
DANIEL P. BUTLER
D.C. Bar #417718
Assistant U.S. Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6940, (202) 353-9431
Barbara.Kittay@usdoj.gov
Daniel.Butler@usdoj.gov