IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    vs.<br><br>MALVIN PALMER<br><br>    Defendant | Docket # 04-355 (CKK) |

## MOTION IN LIMINE CONCERNING EVIDENTIARY ISSUES

COMES NOW the Defendant, Malvin Palmer, through Counsel, and respectfully moves that The United States be prohibited from introducing the following alleged facts that are much more prejudicial than probative of the underlying issues, and states as follows:

1.    That it is likely that Mr. N. Chtaini, a witness for the United States will indicate hearsay information that Mr. Malvin Palmer belongs to a Jamaican gang called The Versace Group. Mr. Palmer moves that the Government be prohibited from introducing this information into the case for the simple reason that such information is clearly much more prejudicial that probative of any issue pursuant to Fed. R. Evid. 403. Further, such information would be hearsay, and therefore independently excludable under Fed. R. Evid. 801. Finally, such information may also be excludable pursuant to <u>Crawford v. Washington</u>, 541 U.S. 36, 124 S.Ct. 1354, 156 L.Ed.2d 177 (2004).

2. That this Honorable Court has indicated that alias information would be allowed into the case. Mr. Malvin Palmer is allegedly known as Omar Anderson. While such information may come into evidence on a "need basis," Mr. Palmer would object to the United States using such information repeatedly on a gratuitous basis to portray Mr. Palmer as a "bad person" Who has multiple identities. For example, after Mr. Palmer was brought over from New York to the District of Columbia, the Court signed an Order authorizing the Government to collect blood, hair and saliva for DNA analysis. The United States (either inadvertently or deliberately) chose to collect this information under the name of Omar Anderson, knowing well that this matter has been indicted against Mr. Malvin Palmer. All the DNA reports refer to the sample collected and analyzed as belonging to Mr. Omar Anderson. The Government should not be allowed to benefit from its own manipulation of Mr. Palmer's alleged names by repeatedly referring to the DNA sample as being collected from, and belonging to, Mr. Omar Anderson. There is a strong likelihood that the jury would be prejudiced against Mr. Palmer based upon the Government's repeated use of the name Omar Anderson is the DNA area, as well as in other areas. Therefore, Mr. Palmer moves that he be referred to as Malvin Palmer for the purposes of this case.

WHEREFORE, Mr. Malvin Palmer moves that this Honorable Court exclude the above stated information from the evidence in this matter. Dated this 2nd day of May, 2005.

Respectfully Submitted,

_____
ATIQ R. AHMED, P.A.
By: Atiq R. Ahmed, Esquire
8701 Georgia Avenue, Suite 509
Silver Spring, MD. 20910
(301) 587-8844
Counsel for Mr. M. Palmer

**POINTS AND AUTHORITIES**:

1. Fed. R. Crim. P. 47
2. Fed. R. Evid. 403
3. Fed. R. Evid. 801
4. Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 156 L.Ed.2d 177 (2004)

CERTIFICATE OF SERVICE

I hereby certify that on this  2nd  day of May 2005 a copy of the foregoing pleading will be disbursed by the ECF system to the following:

United States Attorney's Office
Attn: Barbara Kittay, Esquire
555 Fourth Street, N.W.
Washington D. C. 20530

Tony L. Booker, Esquire
503 D Street, N.W., Suite 350
Washington D. C. 20001

Bravitt C. Manley, Esquire
601 Pennsylvania Avenue, N.W.,
Suite 900, South Building
Washington D. C. 20004

Anthony Martin, Esquire
7841 Belle Point Drive
Greenbelt, MD. 20770

W. Gregg Spencer, Esquire
Office of Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington D. C. 20004

Joanne Roney Hepworth, Esquire
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington D. C. 20004

                                               Atiq R. Ahmed, Esquire

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Docket # 04-355 (CKK) |
| ) | |
| MALVIN PALMER ) | |
| ) | |
| Defendant ) | |
| ) | |

**ORDER**

UPON CONSIDERATION of the Defendant's Motion in Limine Concerning Evidentiary Issues, and the reasons submitted in support thereof, and for any other reason apparent to this Court, it is on this day of _____, 2005 by the United States District Court for the District of Columbia hereby

ORDERED that the Defendant's Motion be GRANTED.

                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge