```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

UNITED STATES OF AMERICA

                                           Criminal No. 04-355 (CKK)

    v.

MIGUEL MORROW, *et al.*
_____/

## **GOVERNMENT'S MOTION TO REOPEN REBUTTAL CASE AND TO EXCLUDE AN ADDITIONAL ISSUE FROM CLOSING ARGUMENT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby seeks permission to present a brief rebuttal case, and additionally moves for exclusion of one additional issue from closing argument, and states as follows:

1. On June 16, 2005, defendant Bryan Burwell presented the testimony of Reon Holloway, who stated that in response to Washington-area sniper attacks in "the Fall of 2002 and into the Spring of 2003," he received a bullet-proof vest from defendant Bryan Burwell. Prior to the time Mr. Holloway testified, the government had no knowledge of the substance of his testimony.

2. Subsequent to leaving the courthouse, that day, the government's research revealed that snipers were arrested on October 24, 2002.

3. Deputy U.S. Marshal Thomas O'Brien, who is assigned to this Court, was among those law enforcement officers present at the scene of Mohammed and Malvo's arrests, and is available to testify

-2-

on Monday morning.  His testimony will consist solely of the fact that he was part of this law enforcement effort and the date it took place.

4.  The government very respectfully requests that it be allowed to present this important rebuttal evidence.[1]  There is no prejudice to the defendants because the jury was sent home and the proceedings recessed at the precise point at which this testimony would have been presented.

5.  Additionally, the government asks that the Court preclude argument, based on the testimony of defense firearms examiner William Welch, that the defendants could not, or even might not have known that the weapons they used were capable of automatic operation.  The District of Columbia Circuit has held this to be irrelevant.  *See* United States v. Harris, 959 F.2d 246, 257-61 (D.C. Cir.), *cert. denied*, 506 U.S. 932 (1992).  Consistent with the Supreme Court's holding in Staples v. United States, 511 U.S. 600 (1994), the D.C. Circuit concluded that a defendant's conviction under 18 U.S.C. §924(c) could stand without proof that the defendant "knew the precise nature of the weapon" (unlike a conviction under 26 U.S.C. §5861).  Since the precise knowledge referenced by Mr. Welch is irrelevant to the charges, the government contends that argument is improper.

---

[1] The government and defense counsel are discussing whether an appropriate stipulation can be reached.

-3-

WHEREFORE, the government respectfully requests permission to present a brief rebuttal case, and additionally requests that the Court preclude argument that the defendants could not or might not have known that the weapons were machineguns.

                                      Respectfully Submitted,

                                      KENNETH L. WAINSTEIN
                                      UNITED STATES ATTORNEY
                                      D.C. Bar Number 451058

By: _____
        BARBARA E. KITTAY
        D.C. Bar #414216
        DANIEL P. BUTLER
        D.C. Bar #417718
        Assistant U.S. Attorneys
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 514-6940, (202) 353-9431
        Barbara.Kittay@usdoj.gov
        Daniel.Butler@usdoj.gov