UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 04-355 (CKK) |
| MIQUEL MORROW, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**
(June 19, 2005)

Currently before the Court is the Government's Supplemental Motion Regarding the "Scienter" Requirement of 18 U.S.C. § 924(c), which seeks to preclude Defendants from asserting in their closing arguments that, "based on the testimony of defense firearms examiner William Welch, that the [D]efendants could not, or even might not have known that the weapons they used were capable of automatic operation." Gov'ts Mot. to Reopen Rebuttal Case and to Exclude an Additional Issue from Closing Argument at 2, ¶ 5. The basic thrust of the Government's argument is that a defendant's conviction under 18 U.S.C. § 924(c) can stand without proof that the defendant knew the precise nature of the weapon; as such, because knowledge as to the precise nature of the weapon is irrelevant to the charge, any argument regarding knowledge of the weapon's capabilities is irrelevant and improper. *Id.*

The Government first raised this argument on the morning of Friday, June 17, 2005, in its Motion to Reopen Rebuttal Case and to Exclude an Additional Issue from Closing Argument. The Court, at the status conference on Friday, June 17, 2005, orally denied the portion of the Government's motion seeking to reopen the rebuttal case and add an additional witness. Despite

the fact that closing arguments and jury instructions were looming, the Court felt that, due to time constraints and the limited nature of the one-sided briefing, it had insufficient information before it to rule on the Section 924(c) issue.  As such, the Court held its ruling in abeyance, and ordered that the parties provide it with supplemental filings to flesh out the *mens rea* issue as to the exact type of weapon subject to the Section 924(c) charge.  On Saturday, June 18, 2005, the Government entered a Supplemental Motion Regarding the "Scienter" Requirement of 18 U.S.C. § 924(c), and Defendant Morrow filed a subsequent Opposition.

After a careful, more searching examination of this issue and upon an analysis of the parties' filings, the relevant case law, and the entire record herein, the Court shall grant the Government's Motion to Exclude an Additional Issue from Closing Argument and its Supplemental Motion for the reasons discussed below.

## I: DISCUSSION

Under the current version of 18 U.S.C. § 924(c)(1)(A),

> any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment not less than 10 years.

*Id.* (2004).  However, violators of Section 924(c)(1)(A) are also subject to a sentencing enhancement under the statute:  "If the firearm possessed by a person convicted of a violation of this subsection is a machinegun or destructive device, or is equipped with a firearm silencer or

firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years." 18 U.S.C. § 924(c)(1)(B)(ii).

In the present case, numerous Defendants are charged with using and carrying a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(iii), (B)(i)-(ii), and 18 U.S.C. § 2. *See* Superseding Indictment (Counts IV, VIII, XI, XVI). The Government introduced evidence at trial that tended to show that the relevant firearms vis-á-vis many of these charged Section 924(c)(1) offenses were fully automatic AK-47 assault weapons, which meet the statutory definition of a "machinegun" and therefore possibly trigger the sentencing enhancement provision under subsection (B)(ii). Upon a plain reading, the language of the statute is clearly silent as to the requirement of knowledge, or scienter, regarding the automatic firing capability of the weapon. As such, the issue currently before the Court is whether the Government must prove that the charged Defendants knew of the gun's automatic firing capability in order to trigger the sentencing enhancement providing a 30 year minimum term of imprisonment.

The last clear ruling on this issue by the United States Court of Appeals for the District of Columbia Circuit was in *United States v. Harris*, 959 F.2d 246 (D.C. Cir. 1992). In *Harris*, the petitioners challenged their convictions under 26 U.S.C. § 5861(d) and an earlier version of 18 U.S.C. § 924(c). *Id.* at 257. Section 5861(d) proscribes the possession of certain unregistered firearms, including machineguns, *see* 26 U.S.C. § 5845(a)(6), while Section 924(c) makes it a separate offense to use a firearm in connection with a drug trafficking offense or a crime of violence, increasing the penalty drastically if the weapon is a machinegun. Specifically, petitioners challenged their jury instructions, which in substance allowed the jury to convict under both statutes if it found that the petitioners knowingly possessed a weapon and that weapon

was in fact a machinegun.  *Id.* at 258.  Petitioners objected at the time to the instructions, and claimed on appeal that the government must prove that they knew of the gun's automatic firing capability, which made it a machinegun (for Section 924(c)) and a firearm (for Section 5861(d)) under the statutory definitions.  *Id.*

The *Harris* court concluded that "the structure of section 924(c) and the function of *scienter* in it" suggested that the Congress intended that the government must prove "deliberate culpable conduct" as to (1) the commission of the predicate offense and (2) the use of a firearm in its execution for liability to attach under Section 924(c)(1).  *Id.* at 258-59.  However, the D.C. Circuit found that

> assuming that the essential elements of the crime (drug trafficking and use of a firearm) already require a showing of *mens rea*, there does not seem to be a significant difference in *mens rea* between a defendant who commits a drug crime using a pistol and one who commits the same crime using a machine gun; the act is different, but the mental state is equally blameworthy.

*Id.* at 259.  Accordingly, the D.C. Circuit rejected petitioners' argument that the government must prove *mens rea* as to the precise nature of the weapon involved in the Section 924(c)(1) offense.  *Id.*; *but see id.* at 259-61 (requiring that the government prove that the defendant had knowledge of the firearm's capabilities in order to substantiate a Section 5861(d) charge).

However, during the intervening years between *Harris* and this case, several decisions arguably undermined this holding.  First, in *Castillo v. United States*, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000), the Supreme Court analyzed the 1994 version of Section 924(c)(1) -- similar to the version examined by the D.C. Circuit in *Harris* -- to determine whether certain words created offense elements or sentencing factors.  *Id.* at 121, 120 S.Ct. 2090.  The 1994 Section 924(c) statute "prohibit[ed] the use or carrying of a 'firearm' in relation to a crime of

violence, and increase[d] the penalty dramatically when the weapon used or carried [wa]s, for example, a 'machinegun.'" *Id.* After considering the language, structure, content, and legislative history of Section 924(c)(1), the Supreme Court concluded that the statute used the word "machinegun," and other similar words, to state an element of a separate, aggravated offense that must be proved "beyond a reasonable doubt." *Id.* at 123-31, 120 S.Ct. 2090. Taken to its liberal limit, this ruling might have suggested that the government must prove scienter as to the precise nature of the weapon in order to obtain a 30 year mandatory minimum sentence under Section 924(c)(1). Indeed, many *Castillo*-era courts employed language that reflected this confusion. *See, e.g.*, *United States v. Gonzalez*, 1231 F.3d 928, 941 (5th Cir. 1997) (noting that "in so far as [defendants] were charged under § 924(c)(1), they may be charged with *knowledge of the machinegun* enhancement, which is expressly mandated by the plain language of the statute") (emphasis added); *United States v. Dixon*, 273 F.3d 636, 641 (5th Cir. 2001) (mentioning that when instructing the jury on a Section 924(c)(1) charge, "[i]t might have been preferable if the judge had instructed the jury that the government must prove beyond a reasonable doubt that the defendant knew that the weapon was a short-barreled shotgun").

However, in 1998, Congress significantly changed the structure of Section 924(c)(1) by separating the substantive crime from the penalty provisions and placing those penalty provisions into different subsections. *See* 18 U.S.C. 924(c)(1)(A)-(D) (1994 ed., Supp. IV). The 1998 version of Section 924(c) became effective on November 13, 1998. *See* Pub. L. 105-386, § 1(a)(1), 112 Stat. 3469 (codified as 18 U.S.C. § 924(c)(1)(A)-(D) (Nov. 13, 1998)). *Compare* 18 U.S.C. § 924(c)(1) (1994 ed., Supp. III) *with* 18 U.S.C. § 924(c)(1)(A)-(D) (1994 ed., Supp. IV) (1998 version, currently codified as 18 U.S.C. § 924(c)(1)(A)-(D) (2004)). Since this change, the

Circuits have been virtually unanimous in holding that certain factors in the penalty provisions of the new, restructured Section 924(c)(1) are sentencing factors, and not elements of the crime. *See United States v. Riley*, 250 F.3d 1303, 1306-07 & n.3 (11th Cir. 2001) (citing examples); *United States v. Nava-Sotelo*, 354 F.3d 1202, 1206 (10th Cir. 2003) ("Accountability is strict; the mere fact that the weapon discharged is controlling."); *United States v. Barton*, 257 F.3d 433, 442-43 (5th Cir. 2001) (joining "the vast majority of circuits that have reviewed this or a similar issue to conclude that subsections (i), (ii), and (iii) set forth sentencing factors, not separate elements of different offenses"); *United States v. Sandoval*, 241 F.3d 549, 552 (7th Cir. 2001) ("[T]he classification of the weapon used in a § 924(c) prosecution is a sentencing factor."); *United States v. Carlson*, 217 F.3d 986, 989 (8th Cir. 2000) (brandishing a firearm during a Section 924(c)(1)(A)(ii) offense is a sentencing factor); *but see United States v. Brandy*, 239 F.3d 802, 807 (6th Cir. 2001) (holding that the type of weapon used during a Section 924(c) offense is an element of the offense to be proved beyond a reasonable doubt under the 1998 version of the statute). The Supreme Court, in *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), implicitly upheld this line of cases, specifically finding that Section 924(c)'s brandishing and discharge provisions are "sentencing factors to be found by the judge, not offense elements to be found by the jury." *Id.* at 556, 122 S.Ct. 2406.

As such, despite both statutory changes and intervening shifts in jurisprudence, a review of this post-1992 case law indicates that the D.C. Circuit's original decision in *Harris* is still good law. Indeed, as the 10th Circuit in *Nava-Sotelo* emphasized, "the type of a firearm used or carried under § 924(c) [is] a sentencing enhancement rather than an element of the offense and, therefore, a separate mens rea for the type of weapon need not be proven." *Nava-Sotelo*, 354

F.3d at 1206 (citing to and reaffirming *United States v. Eads*, 191 F.3d 1206, 1213-14 (10th Cir. 1999), *cert. denied*, 530 U.S. 1231, 120 S.Ct. 2663, 147 L.Ed.2d 277 (2000)).  Given the relevant authority, the Court rejects Defendant Morrow's attempt to engraft an implied *mens rea* element onto the sentencing provisions [possession of machinegun] of Section 924(c)(1), and instead finds that the Government need not establish that the charged Defendants knew the precise nature of the weapons knowingly used or carried "during and in relation to" the crimes of violence charged.  *See id.* at 1205-06 (noting that petitioner making the same argument as Defendant Morrow "is shoveling sand against the tide").  Accordingly, any closing argument by any Defendant which suggests that he could not have known the precise automatic nature of the weapon alleged in a Section 924(c)(1) charge is both irrelevant and improper.  Exercising its authority under Federal Rule of Evidence 403 and its inherent discretion, the Court shall exclude any such argument during the Defendants' closing arguments on Monday, June 20, 2005.

## II:  CONCLUSION

For the reasons set forth above, the Court shall grant the Government's Motion to Exclude an Additional Issue from Closing Argument and its Supplemental Motion Regarding the "Scienter" Requirement of 18 U.S.C. § 924(c).  An Order accompanies this Memorandum Opinion.


Date:   June 19, 2005


                                           */s/*_____
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge