UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

                                 Criminal No. 04-355 (CKK)

    v.

MIGUEL MORROW, *et al.*
_____/

**GOVERNMENT'S SUPPLEMENTAL MOTION REGARDING
THE "SCIENTER" REQUIREMENT OF 18 U.S.C. ¶924(c)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia,[1] hereby supplements its motion to preclude the "lack of knowledge that the firearms were automatic weapons" issue from closing arguments, and states as follows:

The District of Columbia Circuit has held that knowledge of the specific characteristics of a firearm used in a federal crime of violence is irrelevant. *See* United States v. Harris, 959 F.2d 246, 257-61 (D.C. Cir.), *cert. denied*, 506 U.S. 932 (1992). Consistent with the Supreme Court's holding in Staples v. United States, 511 U.S. 600 (1994), the D.C. Circuit concluded that a defendant's conviction under 18 U.S.C. §924(c) could stand without proof that the defendant "knew the precise nature of the weapon"

---

[1] The undersigned counsel has consulted with the Appellate Division of this office, which represents that it believes that United States v. Harris, 959 F.2d 246 (D.C. Cir. 1992) is still good law. The Chief of the Division, John Fisher has related that he does not believe that it is currently under review, and that this Office would defend a decision to instruct the jury as currently proposed.

-2-

(unlike a conviction under 26 U.S.C. §5861). In this case, the defense has presented the testimony of a firearms examiner that the levers on the recovered automatic weapons did not have labels that designated them as automatic (although he conceded that a person of ordinary intelligence, or a person who had fired the weapon, would have that knowledge). Since the precise knowledge referenced by the firearms examiner irrelevant to the charges, the government contends that argument based on this testimony is improper.

The Court has asked the parties to examine whether <u>United States</u> v. <u>Harris</u> (D.C.) is still good precedent, in light of the Supreme Court's recent ruling in <u>United States</u> v. <u>Booker</u>, ___ U.S. ___ 125 S. Ct. 738 (2005). One case issued post-*Booker* suggests that it is. *See* <u>United States</u> v. <u>Harris</u>, 397 F.3d 404 (6th Cir. 2005).[2] In *Harris, 6th Cir.*, the Court held, under *Booker*, that the mandatory minimum imposed for use of machinegun "is not binding on a sentencing court unless the type of firearm involved is either admitted by the defendant or charged in the indictment and proved to a jury beyond a reasonable doubt." *Harris, 6th Cir.*, 397 F.3d 404, 414. Nowhere in this opinion does the Sixth Circuit discuss any requirement that the defendant *know* that the characteristics of

---

[2] As luck would have it, there are three relevant "*Harris*" cases. For purposes of clarity, we shall refer to them as "*Harris, D.C.*," "*Harris, 6th Cir.*," and "*Harris, Supreme Court,*" the last of which held that a two-year mandatory minimum for "brandishing a firearm," under 924(c), could be imposed based on a judicial finding, without submitting the issue directly to the jury. *See* <u>Harris</u> v. <u>United States</u>, 536 U.S. 545 (2002).

-3-

the firearm.

In Bryan v. United States, 524 U.S. 184 (1998), the Supreme Court rejected an argument that the defendant had to know that the firearm he possessed was specifically prohibited by law (based on his violation of a licensing requirement), holding instead, that the government need only present "proof of knowledge of the facts that constitute the offense," in that case, that he carried the weapon. *Id.* at 193. Noting Staples v. United States, 511 U.S. 600 (1994), in which the Court reached a different result in a straight possession case, the Court in *Bryan* reached the same conclusion as did *Harris, D.C.*, that there is a difference between specific possessory offenses, and knowledge of the specifics of a statute. In *Bryan*, the Court separated *mens rea* ("'an evil-meaning mind'") from *actus reus* (the "'evil-doing hand'") to hold that unless the statute requires that the act is done "willfully," knowledge of the specific type of violation is not necessary.

Here, where the application of §924(c)(1)(B)(ii) (use of a machine gun) relates only to a sentencing issue, it does not implicate considerations of culpability or *mens rea*. Thus, we believe that the logic and precedent of *Harris, D.C.* is still sound, and that the only *scienter* requirement for proof of 924(c) is the knowing commission of a crime with a firearm. 959 F.2d at 259.

> [T]here does not seem to be a significant difference in
> *mens rea* between a defendant who commits a drug crime

-4-

>using a pistol and one who commits the same crime using a machine gun; the act is different, but the mental state is equally blameworthy.  We are in neither case confronted with an altar boy making an innocent mistake.

*Id*.

The statutory history of the enhanced penalty suggests that the use of this firearm was more serious as much because of the effect on the victim, as it is because of the *scienter* of the perpetrator.  *See* United States v. Hunter, 101 F.3d 82, 85-86 (9th Cir. 1996) (even an unloaded or inoperable gun is sufficient for the enhancement).  It is our view that the recent case law requires only that the jury find *use* of a machine gun, not *knowing use* of the gun's specific characteristics.

WHEREFORE, the government respectfully requests that the Court preclude argument that the defendants could not or might not have known that the weapons were machine guns.

    Respectfully Submitted,

    KENNETH L. WAINSTEIN
    UNITED STATES ATTORNEY
    D.C. Bar Number 451058

By: _____

    BARBARA E. KITTAY
    D.C. Bar #414216
    DANIEL P. BUTLER
    D.C. Bar #417718
    Assistant U.S. Attorneys
    555 4th Street, N.W.
    Washington, D.C. 20530
    (202) 514-6940, (202) 353-9431
    Barbara.Kittay@usdoj.gov
    Daniel.Butler@usdoj.gov