# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : **Case No:** 04-CR-0355 CKK |
| BRYAN BURWELL, | : |
| Defendant. | : |

### DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW THE DEFENDANT, BRYAN BURWELL, through counsel and submits the following for the court's consideration at the time of sentencing.

## *Procedural Posture*

Mr. BURWELL has been found of guilty of counts 1, 2, 10 and 11 of the third superceding indictment[1] by a jury on July 15th, 2006. A Pre-Sentence Report (hereinafter PSR) was written by the probation office. The first and subsequent draft of the PSR was reviewed by Mr. Burwell. The present sentencing date is set for April 21st, 2005. Defendant's sentencing memorandum is due on March 7th, 2006.

---

[1] **Count 1** charged Conspiracy to Participate in a Racketeer Influenced Corrupt Organization in violation of 18 USC §1962(d) and carries a potential term of life imprisonment and a $250,000 fine.
**Count 2** charged Conspiracy to Commit Offenses Against the United States in Violation of 18 USC §371 and carries a potential term of imprisonment of not more than five years and/or a $250,000 fine.
**Count 3** charged Armed Bank Robbery and Aiding and Abetting the same in violation of 18 USC §2113(a) and 18 USC §2 and carries a potential term of imprisonment of not more than twenty- five years and/or a $250,000 fine.
**Count 4** charged Using and Carrying a Firearm During a Crime of Violence in violation of 18 USC §2113(a) and 18 USC §2 and carries a potential term of imprisonment of not less than thirty years (machine gun) and/or a $250,000 fine.

## *Statement of the Case*

Bryan Burwell was tried along with five (5) other co-defendants in a multiple count indictment that included allegations of conspiracy to commit bank robberies and conspiracy to engage in a Racketeer Influenced Corrupt Organization, *inter alia*. Jury selection began on Monday, April 11th, 2005 and opening statements were made on April 18th, 2005. After several weeks of trial the jury went into deliberation on June 21st, 2005. A verdict was returned on July 15th, 2005. As previously stated, Mr. BURWELL was found guilty of counts 1, 2, 10 and 11 of the third superceding indictment[2]

## *Sentencing Factors Per 18 USC 3553(a)(2)*

Congress has mandated that any sentence shall be a sentence sufficient, but not greater than necessary, to comply with the purposes set forth at 18 USC 3553(a)(2). A discussion of those listed factors and others unique to this case follows.

---

[2] **Count 1** charged Conspiracy to Participate in a Racketeer Influenced Corrupt Organization in violation of 18 USC §1962(d) and carries a potential term of life imprisonment and a $250,000 fine.
**Count 2** charged Conspiracy to Commit Offenses Against the United States in Violation of 18 USC §371 and carries a potential term of imprisonment of not more than five years and/or a $250,000 fine.
**Count 3** charged Armed Bank Robbery and Aiding and Abetting the same in violation of 18 USC §2113(a) and 18 USC §2 and carries a potential term of imprisonment of not more than twenty- five years and/or a $250,000 fine.
**Count 4** charged Using and Carrying a Firearm During a Crime of Violence in violation of 18 USC §2113(a) and 18 USC §2 and carries a potential term of imprisonment of not less than thirty years (machine gun) and/or a $250,000 fine.

## *Nature and Circumstance of the Offense*

**1.   Mr. Burwell's Role in the Offense Was Not That of a Leader or Organizer.**
Notwithstanding the jury's verdict, it should be noted that Mr. Burwell denies **any** involvement in the allegations contained in the indictment. While the verdict cannot be ignored, Mr. Burwell would like the court to consider that at no point during the government's case in chief was any evidence presented that he assumed the role of leader, organizer, planner or manager. He did not recruit, train, supply or manage any of the actors in the conspiracy. This is an important point because it has been noted that in crimes involving organizations, those playing a leadership or management role are more likely to recidivate.[3] Hence, the court should consider that Mr. Burwell's potential for rehabilitation may be better than that of similarly situated offenders.

2.   **The Discharged Firearm.**   There was **no** evidence presented that Mr. Burwell ever fired a weapon at anyone. In fact other than the testimony of Mr. Chitaini, there is no evidence that Mr. Burwell even possessed a weapon. The court will recall that neither Mr. Burwell's fingerprints or DNA were found on any of the weapons. There wasn't even a photograph that Mr. Chitaini was able to point to where Mr. Burwell was depicted as brandishing or holding a weapon.

---

[3] Commentary to USSC §3B1.1 at ¶4

## *History and Characteristics of the Defendant*

Mr. Burwell will be 28 years of age at the time of his sentencing. He is a lifelong resident of the Washington Metropolitan Area. He is the son of Andrea and Harold Burwell. The parents separated when Mr. Burwell was young. He and his brother;

Andre Burwell, were raised by their paternal grandparents. Mr. Burwell and his brother are very close. Mr. Burwell also has a younger sister; LaToya Hinton, who is currently residing in Pennsylvania.

Mr. Burwell did not complete high school and was unsuccessful in his attempts to get his GED. He has never been in the military and has no specialized training. He did not find the academic environment encouraging and is not able to identify a single teacher or counselor who took any interest in him. His lack of formal training and education limited his job prospects. Nevertheless, he reports that he did work for the Washington Area Metropolitan Transit Authority for a brief period. His job duty was cleaning subway cars at the end of the work day. He also worked for a short time in a business that his father and brother started, but that venture eventually failed.

Mr. Burwell's criminal history reveals that he used marijuana on occasion and has been convicted of marijuana possession. The assault charge that appears in the PSR grew out of an incident where Mr. Burwell verbally criticized a police officer who was using excessive force on an arrestee. Mr. Burwell and the officer exchanged words, which resulted in Mr. Burwell being arrested. When they reached the station the police officer began pushing Mr. Burwell and then striking him. Mr. Burwell attempted to defend himself and was subsequently charged with assault.

### *General and Specific Deterrence*

The bank robberies and the trial received considerable publicity. Notwithstanding that reality, bank robberies continue to be a problem in the Washington Metropolitan Area. The government will undoubtedly argue that a long jail term will act to deter others from committing this offense. However, the history of bank robbery in the United States suggests otherwise.

A real deterrent to bank robbery would be an investment in a school system that really encourages, educates and inspires. Furthermore, removing kids from dysfunctional environments and placing them in settings that give them a sense of self worth and optimism would do far more than the warehousing of young men like Bryan Burwell.

### *Sentencing Range and Options Available to the Court*

Given the statutory minimum dictated under 18 USC §924(c)(1)(B)(ii) a discussion of the guidelines almost seems irrelevant. Nevertheless, the guideline calculations have been reviewed and appear to be correct with the possible exception of count eleven. Hence, Mr. Burwell seeks leniency with respect to the remaining counts.

He asks the court to keep in mind that he will spend the greater part of his life incarcerated. He has no children to wait for him. His marriage will probably not survive is term of imprisonment. It is doubtful that his parents will live long enough to see him released. What's more, his work life expectancy will have expired.

### *Fines, Restitution, Assessments and Forfeitures*

Mr. Burwell was unemployed at the time of his arrest on August 5th, 2004 and remains incarcerated and without income as of this date. In that regard, he would ask the court to waive any fine that may be imposed. With respect to his restitution obligation, Mr. Burwell notes that four individuals were involved in the two banks robberies he was found to have participated in. The total amount taken was forty-eight thousand dollars ($48,000.00). Since all of the actors in those robberies have been arrested and imprisoned, restitution appears to be a certainty. Hence, rather than being required to pay jointly and severally, Mr. Burwell asks that the court require him to pay one fourth of the restitution amount at a rate commensurate with his ability to pay. Mr. Burwell is not seeking any relief with respect to the special assessment. He understands that it cannot be waived.

### *Rehabilitation Considerations and Correctional Treatment*

Given Mr. Burwell's history of marijuana and alcohol abuse, he requests that the court entertain his request for a referral to a rehabilitation program.

### *Recommendation Regarding Federal Correctional Facility*

Mr. Burwell also asks that the court consider making a recommendation for incarceration at the Federal Correctional Facility at Cumberland, Maryland or Allenwood, Pennsylvania, so that his family will be able to visit him on occasion.

Respectfully submitted,
ANTHONY D. MARTIN

By: _____
Anthony D. Martin, 362-537
BELLE POINT OFFICE PARK
7841 Belle Point Drive
Greenbelt, MD 20770
(301) 220-3700; (301) 220-0791

I HEREBY CERTIFY that a copy of the foregoing Sentencing Memorandum was sent via e-mail (ECF filing) to the following:

Barbara Kittay, Esquire
Daniel Butler, Esquire
Office of the United States Attorney
555 Fourth Street, NW
Washington, DC 20530

On this Saturday, March 04, 2006

_____
ANTHONY D. MARTIN, 362-537